UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| THOMAS FRANKLIN SELLERS | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-00319 |
| | § | |
| AMERICAN ECONOMY INSURANCE | § | |
| COMPANY; TRAVELERS PERSONAL | § | |
| INSURANCE COMPANY | § | |

## PLAINTIFF'S ORIGINAL FEDERAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Thomas Franklin Sellers files this Original Petition against defendants American Economy Insurance Company (American Economy) and Travelers Personal Insurance Company (Travelers), for failure to promptly pay an insurance claim in violation of Sections 542.051 *et seq.* of the Texas Insurance Code, and in support shows the following

### PARTIES

2. Plaintiff, Thomas Franklin Sellers, is an individual residing at 3812 W. 4th Street Fort Worth, Tarrant County, Texas 76107. He may be reached at the address below.

3. Defendant, American Economy, is an insurance company organized and doing business under the laws of the State of Texas, with its principal place of

business located at 175 Berkeley St., Boston, MA 02116. Service of process may be made through its counsel of record in this case.

4. Defendant, Travelers, is an insurance company organized and doing business under the laws of the State of Texas, with its principal place of business located at One Tower Square, Hartford, CT 06183. Service of process may be made through its counsel of record in this case.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332, because Plaintiff is a resident of Texas, and both Defendants are out of state insurance companies doing business in the state of Texas. Further, given that this is a large slate roof needing to be completely replaced, the amount in controversy exceeds $75,000.00.

6. Venue is proper within this District under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated within this District.

## FIRST CAUSE OF ACTION:
## TRAVELERS' FAILURE TO PROMPTLY PAY CLAIM

7. On or about September 26, 2019, Defendant Travelers issued to plaintiff a Homeowners Insurance Policy Number 605259193 633 1.[1] Among other things, the policy insured plaintiff against damage caused by hail, wind, and weather damage to the roof atop the home at 3812 W. 4th Street, Fort Worth, Tarrant County, Texas 76107.

8. On or about October 10, 2019, April 19, 2020 and/or April 27, 2020, while the above policy was in full force and effect, plaintiff suffered hail and windstorm damage to the slate roof and all related fittings at 3812 W. 4th Street.

9. Plaintiff provided defendant notice of the claim under the policy on or about May 25, 2022. On May 25, 2022, Plaintiff provided defendant with all items, statements, and forms defendant required to process plaintiff's claim.

10. Defendant violated the prompt payment statutes of the Texas Insurance Code by refusing to pay the claim because: "[Travelers'] research found although hail is a covered cause of loss the most recent hail storm to affect your property was on March 21, 2022. This hail storm occurred outside of your Policy Period with Travelers. Since this date is outside your policy period, your policy does not

---

[1] This Travelers policy remained in effect until cancellation on or about February 5, 2022.

provide coverage." At the time this communication was sent, Travelers had already verbally indicated the roof was a total loss and needed replacement.

## SECOND CAUSE OF ACTION:
## AMERICAN ECONOMY'S FAILURE TO PROMPTLY PAY CLAIM

11. On or about February 5, 2022, Defendant American Economy issued to plaintiff a Homeowners Insurance Policy Number OY8578574. Among other things, the policy insured plaintiff against damage caused by hail, wind, and weather damage to the roof at 3812 W. 4th Street.

12. On or about March 21, 2022, while the above policy was in full force and effect, plaintiff suffered hail and windstorm damage to the slate roof and all related fittings at 3812 W. 4th Street.

13. Plaintiff provided defendant notice of the claim under the policy on or about May 12, 2022. On May 12, 2022, Plaintiff provided defendant with all items, statements, and forms defendant required to process plaintiff's claim.

14. Defendant violated the prompt payment statutes of the Texas Insurance Code by refusing to pay the claim because: "[American Economy's] review of your claim revealed the following relevant information: Inspections determined the roof surface had roughly 130 damaged slate roofing tiles with minor chips or broken corners. The hail damages noted to your slate roof tiles were older in nature and prior to policy inception. Based upon detailed weather data, collected and analyzed,

as well as additional evidence collected from the scene during physical inspections, it was determined the recent hail event lacked the necessary size to exceed the damage threshold of these roof tiles. The recent hail activity on loss location did not cause the damages noted. The policy inception with Safeco was on 02.05.2022. Since the damages noted occurred prior to policy inception they are pre-existing in nature and not covered by your policy."

## CONDITIONS PRECEDENT

15. Although Plaintiff timely gave notice of his claims throughout the claims process, in an abundance of caution, Plaintiff sent a notice required under TEX. INS. CODE § 541.154 to counsel of record in this lawsuit on April 2, 2023. Otherwise Defendants have both been on notice of the information therein with the exception of recently accrued attorney's fees and expenses for longer than 60 days prior to the filing of this suit in state court. Defendants have already given their notice to abate the case to avail themselves of this 60-day requirement. Plaintiff does not object to the brief abatement.

## JURY DEMAND

16. Plaintiff hereby requests a jury trial, and the appropriate jury fee will be paid.

## PRAYER FOR RELIEF

Therefore, plaintiff, Thomas Franklin Sellers, respectfully requests that defendant be cited to appear and answer, and that on final hearing, the court grant plaintiff the following:

1. Actual damages in an amount within the jurisdictional limits of this court;

2. Interest on the amount of the claim at the rate of 18% a year as damages under Section 542.060 of the Texas Insurance Code;

3. Reasonable attorney's fees under Section 542.060 of the Texas Insurance Code; and

4. Any other relief, at law or in equity, to which plaintiff is entitled.

Respectfully submitted,

**Westfall Sellers**

   /s/ Frank Sellers
**Frank Sellers, PC**
Texas Bar No. 24080305
*Frank@westfallsellers.com*
**Dustin Hoffman**
Texas Bar No. 24120896
*Dustin@westfallsellers.com*
1612 Summit Avenue, Suite 200
Fort Worth, Texas 76102
P: 817.928.4222
F: 817.385.6715
*Attorneys for Plaintiff*